# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER JOHN WEYKER,

                Petitioner,

v.

JIM SCHWOCHERT,

                Respondent.

Case No. 13-CV-1115-JPS

**ORDER**

      Currently before the Court's is Petitioner's motion to extend the stay in this matter for five months to allow him time to exhaust his state-court remedies. (Docket #19). Petitioner originally requested this five-month extension of the stay in the form of a status update filed October 27, 2016. (Docket #17). Petitioner contended that he needed this substantial amount of time in order to complete DNA testing and to seek an order in state court vacating his convictions based on the anticipated results of that testing. Nevertheless, he offered no citation to authority for the lengthy extension, nor did he report whether Respondent consented to the extension. As a result, on November 8, 2016, the Court ordered Petitioner to file a motion requesting an extension of the stay. (Docket #18). He did so on November 15, 2016. (Docket #19). Respondent responded on November 21, 2016. (Docket #20).

      In its November 8, 2016 order, the Court noted that this matter has been pending since September 30, 2013. (Docket #18 at 1.) The Court expressed concern regarding the length of the continuance Petitioner requested in his October 27, 2016 status update. *Id.* at 1–2. Without argument

or authority to suggest otherwise, the Court indicated that it would be more efficient to dismiss the petition without prejudice rather than grant indefinite future extensions while Petitioner worked to exhaust his state-court remedies. *Id.* at 2–3. In the Court's view, the tolling provisions of 28 U.S.C. § 2244 would leave open for Petitioner the option of refiling his petition after he fulfilled the exhaustion requirement. *Id.*

In his motion, Petitioner asserts that the Court should grant his requested five-month extension of the stay rather than dismiss the petition without prejudice. He contends that under the standards set out in *Rhines v. Weber*, 544 U.S. 269 (2005), a stay and abeyance approach to this matter is more appropriate than dismissal. (Docket #19 at 7). A district court may not consider "mixed" habeas petitions—petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, under *Rhines*, a district court may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. *Rhine,* 544 U.S. at 277. The *Rhines* court cautioned that stay and abeyance "should be available only in limited circumstances" and that such relief should be granted if there is "good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The court reasoned that in enacting a one-year limitations period on habeas petitions challenging state-court convictions, Congress sought to promote the finality of state-court judgments and to reduce delays in the execution of state and federal criminal sentences. *Id.* at 276. Moreover, Congress considered the need to protect a petitioner's need to exhaust his state-court remedies before filing his federal habeas petition. *Id.* To accommodate the exhaustion requirement, Congress determined that state-

court exhaustion efforts would toll the period for filing a federal habeas petition. *Id.*; *see* 28 U.S.C. § 2244(d)(2).

In light of Congress' direction on these matters, the court held that district courts "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. Nevertheless, the court also cautioned that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

Under these standards, Petitioner asserts that a continued stay and abeyance approach is warranted in his case. First, good cause exists for his failure to exhaust his claim for ineffective assistance of counsel stemming from counsel's failure to pursue DNA testing during his trial and appeal. (Docket #19 at 9). Petitioner had to pursue this claim *pro se* in state court because his appointed attorney determined that the claim lacked merit. *Id.* The state court found that Petitioner had failed to present post-conviction DNA analysis to support his argument that such evidence would support his claim for post-conviction relief. *Id.* Petitioner seeks to challenge that determination by requesting an order from the state court to conduct further DNA testing. He has filed a motion requesting such an order, and he reports that a decision on the motion is expected on February 20, 2017. *Id.* Additionally, Petitioner has filed a new motion for post-conviction relief in state court arguing that he was denied the effective assistance of counsel because his counsel failed to obtain DNA testing. *See* (Docket #21). The DNA testing, if granted by the state court, and if it turns out favorably for

Petitioner, will support his claim of prejudice in connection with this new post-conviction motion. *See id.* at 16. In Petitioner's view, although he originally lacked the resources to present DNA evidence in his first post-conviction motion, he is now, with the help of counsel, diligently pursuing that avenue for relief. (Docket #19 at 10).

Second, Petitioner believes his claim relating to the DNA evidence is potentially meritorious. *Id.* He cites the fact that this Court ordered a response to his petition after the initial screening. (Docket #3). He also points to his motion in state court seeking an order for DNA testing, in which he argues that there is good reason to overturn the state court's order denying his first post-conviction motion. (Docket #19 at 12); *see also* (Docket #19-1). Finally, Petitioner contends his claim has potential merit because the state court ordered the preservation of the DNA evidence and requested briefing on his motion for DNA testing. (Docket #19 at 12).

Third, Petitioner argues he has not been dilatory in his approach to litigating his federal habeas petition. *Id.* He was previously unable to pursue his claim related to DNA testing because he was without counsel and without the resources to obtain DNA testing and expert testimony. *Id.* Now that he has both, he requires time to fully pursue his claims in state court in order to present a complete record to this Court when it evaluates his petition on the merits. *See id.*

Finally, Petitioner contends that, contrary to the Court's position in its November 8, 2016 order, the law is unclear as to whether his state-court motion for DNA testing constitutes an "application for post-conviction or other collateral review with respect to the pertinent judgment" for purposes of tolling under the AEDPA. *Id.* at 10. And even if his request for DNA

testing would toll the statute, Petitioner argues, dismissal without prejudice would leave him only a few days to refile his federal habeas petition before the expiration of the limitations period. *Id.* at 11. As such, Petitioner thinks that dismissal without prejudice would be unfair at this juncture.

Respondent's response is brief, but it makes two points. First, Respondent believes that Petitioner's motion for DNA testing would toll the AEDPA limitations period. (Docket #20 at 1). Second, Respondent does not oppose the requested extension of the stay. *Id.* Respondent states that although he is concerned about the prospect of further continuing the already lengthy stay in this case, he believes that Petitioner's counsel will provide timely status reports on the progress of Petitioner's efforts in state court to pursue DNA testing. *Id.* at 2.

The Court is satisfied that Petitioner has made a showing of good cause to support a stay and abeyance in this case. There is no indication in the record that Petitioner has engaged in dilatory tactics in this case. Rather, since obtaining counsel, Petitioner has vigorously pursued an order from the state court providing the DNA testing he desires. Indeed, he has already filed the post-conviction motion which he hopes the DNA testing, if granted, will support. Neither can this Court say, on the present state of the record, that Petitioner's claim related to DNA testing is not potentially meritorious. Further, Petitioner has demonstrated good cause for his failure to obtain DNA evidence in his first post-conviction motion. Once his appointed attorney issued a no-merit report on the DNA claim, Petitioner lacked the resources to pursue DNA testing on his own. As a result, he could not present that claim to the state court. Although a petitioner's *pro se* status is normally an insufficient basis on which to find good cause for his failure to

exhaust state-court remedies, *see Johnson v. Huibregtse*, No. 07–cv–674, 2008 WL 4621345, at *7 (W.D. Wis. Mar. 14, 2008), here Petitioner has shown that, without counsel, he lacked the ability to meet the state court's demand for DNA evidence. The Court will, therefore, permit a continuation of the stay in this matter. To be clear, it reserves the option to revisit the decision if it detects dilatoriness or if over-long delay threatens to prejudice Respondent.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to extend the stay in this matter (Docket #19) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Petitioner shall file a status update on the state-court proceedings or before **March 1, 2017**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

BY THE COURT:

*s/ J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge