# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER JOHN WEYKER,

            Petitioner,

v.

JASON BENZEL,

            Respondent.

Case No. 13-CV-1115-JPS

**ORDER**

**1.    INTRODUCTION**

On September 30, 2013, Peter John Weyker ("Weyker") filed a petition pursuant to 28 U.S.C. § 2254 and a request that the Court stay his petition and hold it in abeyance while he exhausted his state-court remedies. (Docket #1). On October 2, 2013, Magistrate Judge William E. Callahan entered a Rule 4 order screening Weyker's habeas petition. (Docket #3). On November 25, 2013, Respondent filed a letter indicating that Weyker was in the process of exhausting his state remedies. (Docket #10). Respondent had no objection to the requested stay. (*Id.*) Weyker pursued a series of post-conviction challenges in state court to the convictions at issue in this matter. At the Court's request, Weyker provided several status reports regarding those proceedings, and he also filed motions to extend the stay. (*See* Docket #11–#24). The Court granted Weyker's motions to extend the stay, (Docket #16, #18, #22), and on March 30, 2017, the Court administratively closed Weyker's case, directing him to "notify the Court by electronic filing when he wishes to reinstate this action."

Now before the Court is Weyker's motion to lift the stay and reinstate habeas proceedings and for leave to file an amended petition.

(Docket #25). The Court will grant that motion. Weyker's proposed amended petition, (Docket #25-1), shall be the operative petition in this case, and the Court will screen the same.

2. **FACTUAL AND PROCEDURAL BACKGROUND**

On March 19, 2010, Weyker was convicted by a jury in Dodge County Circuit Court of the following: second degree sexual assault of a child, in violation of Wis. Stat. § 948.02(2); incest with a child, in violation of Wis. Stat. § 948.06(1); four counts of capturing an image of nudity, in violation of Wis. Stat. § 942.09(2)(am)1; and two counts of attempting to capture an image of nudity, in violation of Wis. Stat. § 939.32(1)(bm). Weyker was sentenced to thirty-one and one-half years of initial confinement and twenty-eight years of extended supervision.[1] Weyker appealed his judgment of conviction, and on April 20, 2012, the Wisconsin Court of Appeals summarily affirmed. (Docket #25-1 at 3). Weyker then filed a petition for review with the Wisconsin Supreme Court, which was denied on September 27, 2012. (*Id.*)

Additionally, on August 19, 2013, Weyker filed a petition for writ of habeas corpus in the Wisconsin Court of Appeals based upon the ineffectiveness of his appellate and trial counsel. (*Id.* at 4). Specifically, Weyker claimed his appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel in: (1) failing to seek the recusal of the circuit court judge; (2) failing to appear at the first scheduled trial date, and then failing to object to the prosecutor subsequently adding eleven new charges in the case; (3) failing to interview potential alibi witnesses; (4) failing to

---

[1] *See State v. Weyker*, 2008CF000228 (Dodge Cnty. Cir. Ct.), *available at* https://wcca.wicourts.gov (last visited July 21, 2021).

play, at trial, the entirety of a recording of the execution of a search warrant of Weyker's home; (5) failing to move to suppress video evidence; and (6) failing to retain a defense DNA expert. (Docket #25-3 at 2). The Wisconsin Court of Appeals denied the petition on July 29, 2014, and Weyker did not appeal. (Docket #25-1 at 4–5).

On October 16, 2013, Weyker filed a post-conviction motion under Wis. Stat. § 974.06 in Dodge County Circuit Court case 2008CF000228. (*Id.* at 5). The motion raised the following grounds: (1) failure of the judge to recuse himself due to a conflict of interest and ineffective assistance of trial counsel for failing to raise the claim; (2) ineffective assistance of trial counsel for failing to appear for trial or object to the subsequent addition of charges; (3) ineffective assistance of trial counsel for failure to investigate; (4) ineffective assistance of trial counsel for failure to use exculpatory evidence; (5) ineffective assistance of trial counsel for failure to review discovery and seek suppression; (6) ineffective assistance of trial counsel for failure to retain a DNA expert; and (7) ineffective assistance of appellate counsel for failing to raise these ineffective assistance of trial counsel claims. (Docket #25-3 at 2). The Circuit Court denied the motion on June 26, 2014. (Docket #25-1 at 5). Weyker appealed, and the Wisconsin Court of Appeals affirmed the denial on April 19, 2016, and then denied his motion for reconsideration on May 26, 2016. (*Id.*) The Wisconsin Supreme Court denied review on September 8, 2016. (*Id.*)

On October 24, 2016, Weyker filed a motion for DNA testing under Wis. Stat. § 974.07 in Dodge County Circuit Court case 2008CF000228. (Docket #25-3 at 3). The motion stated that DNA results would be newly discovered evidence which would require that his sexual assault convictions be vacated. (*Id.*) The DNA retesting was granted, but the results

were inconclusive, and the motion was withdrawn after January 17, 2018. (*Id.*) No appeal was taken on this motion. (*Id.*)

Weyker filed a post-conviction motion under Wis. Stat. § 974.06 on November 18, 2016 and two supplemental motions, on June 1, 2018 and September 21, 2018, in Dodge County Circuit Court case 2008CF000228. (*Id.* at 3–4). The first motion raised the following grounds: (1) ineffective assistance of trial counsel for failure to appear for trial; (2) ineffective assistance of trial counsel for failure to seek independent DNA testing; (3) newly discovered evidence regarding subsequent Crime Lab DNA manuals; and (4) ineffective assistance of postconviction counsel for failure to raise identified claims. (*Id.*) The first supplemental motion added a claim that "[n]ewly discovered evidence that speculum contamination could have provided exculpatory explanation for presence of male DNA on complainant's vaginal swab." (*Id.* at 4). Finally, the second supplemental motion added the following claims: (1) ineffective assistance of trial counsel for failure to raise the fact that speculum contamination by transferring trace evidence from external genitalia provided exculpatory explanation for the presence of male DNA on complainant's vaginal swab; (2) prosecutorial misconduct/violation of due process because the trial prosecutor knew or should have known that, given the possibility of speculum contamination by transferring trace evidence from external genitalia, the trial argument that male DNA could not have been present on complainant's vaginal swab unless she was telling the truth about the alleged sexual assault was false; and (3) ineffectiveness of post-conviction/appellate counsel for failure to raise these claims on direct appeal. (*Id.*) The Circuit Court denied these motions on June 4, 2019. (*Id.* at 4). Weyker appealed all claims (except the claim of newly discovered evidence based on Crime Lab DNA manuals).

The Court of Appeals affirmed the denial on May 7, 2020 and denied Weyker's motion for reconsideration on June 22, 2020. (*Id.*) The Wisconsin Supreme Court denied Weyker's petition for review on September 16, 2020. (*Id.* at 5).

On October 20, 2020, Weyker filed a motion to lift the stay in the present case and to file an amended petition for habeas relief. (Docket #25). In his amended habeas petition, Weyker presents three grounds for relief: (1) "Denial of effective assistance of counsel – trial counsel unreasonably failed to appear on date set for trial, resulting in 11 additional charges" ("Ground One"); (2) "Denial of effective assistance of counsel – trial counsel unreasonably failed to present evidence and argue that the minute quantities of male DNA on the complainant's vaginal swab could have resulted from inadvertent contamination/transfer of trace evidence from use of the speculum" ("Ground Two"); and (3) "Denial of due process – Prosecutorial misconduct for making argument he knew or should have known to be false" ("Ground Three"). (Docket #25-1 at 6-8).

3.  **ANALYSIS**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute

of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

### 3.1 Timeliness

The Court begins its Rule 4 review by examining the timeliness of Weyker's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears the petition is timely. Weyker's conviction became final with the expiration of the time for seeking certiorari review from the Supreme Court on his direct appeal on December 26, 2012. Weyker filed his petition on September 30, 2013 and asked for a stay to exhaust his state court claims. (Docket #1). Weyker filed post-conviction motions, which tolled the deadline under 28 U.S.C. § 2244(d)(2). Weyker finished exhausting his state court claims on September 16, 2020, when the Wisconsin Supreme Court denied his petition for review on the appeal from the denial of his Wis. Stat. § 974.06 motions. Weyker filed a motion to lift the stay and to file an amended petition for habeas relief on October 20, 2020. (Docket #25). Thus, the Court will not dismiss Weyker's petition for want of timeliness.

### 3.2 Exhaustion

The Court continues its Rule 4 review by examining Weyker's amended petition to determine whether he has exhausted his state

Page 6 of 10
Case 2:13-cv-01115-JPS   Filed 07/23/21   Page 6 of 10   Document 28

remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

It appears that Weyker has exhausted all three grounds for relief in his amended habeas petition. (Docket #25-1). Weyker presented them in a post-conviction motion and in supplemental motions before the Dodge County Circuit Court, which denied him relief on June 4, 2019. (Docket #25-3 at 4). Weyker appealed all three grounds, and the Court of Appeals affirmed the denial on May 7, 2020, and denied Weyker's motion for reconsideration on June 22, 2020. (*Id.*) The Wisconsin Supreme Court denied Weyker's petition for review on September 16, 2020. (*Id.* at 5).

### 3.3 Procedural Default

The Court next reviews Weyker's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th

Page 7 of 10
Case 2:13-cv-01115-JPS   Filed 07/23/21   Page 7 of 10   Document 28

Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. See *O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Weyker has procedurally defaulted on his three grounds for relief.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Weyker's amended petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Weyker's claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Based on the above, Grounds One, Two, and Three of Weyker's amended petition survive Rule 4 screening. Therefore, the Court will order briefing in accordance with the schedule outlined below.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to lift the stay and reinstate habeas proceedings and for leave to file amended petition (Docket #25) be and the same is hereby **GRANTED**; Petitioner's amended petition (Docket #25-1) shall be the operative petition in this action;

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the

amended petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

    c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

Page 9 of 10
Case 2:13-cv-01115-JPS    Filed 07/23/21    Page 9 of 10    Document 28

b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the amended habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the amended petition and this order have been sent via a Notice of Electronic Filing ("NEF") to the State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge