# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PETER JOHN WEYKER,<br><br>                Petitioner,<br><br>v.<br><br>CHERYL EPLETT,<br><br>                Respondent. | Case No. 13-CV-1115-JPS<br><br>**ORDER** |

## 1. INTRODUCTION AND BACKGROUND

On September 30, 2013, Petitioner Peter John Weyker ("Petitioner") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Then, on October 20, 2020, following a lengthy stay, he filed a proposed amended petition, ECF No. 25-1, which the Court deemed operative, ECF Nos. 28, 29. Therein, he asserted three grounds for relief, only two of which are relevant to this Order:[1]

>  (1) that Petitioner was deprived of effective assistance of counsel when [his trial counsel, "Doyle"] "unreasonably failed to appear on [the] date set for trial, resulting in 11 additional charges" ("Ground One"); and

>  (2) that Petitioner was deprived of effective assistance of counsel when Doyle "unreasonably failed to present evidence and argue that the minute quantities of male DNA on the complainant's vaginal swab could have resulted from inadvertent contamination/transfer of trace evidence from use of the speculum" ("Ground Two").

ECF No. 29 at 6–7.

---

[1] *See* ECF No. 41 at 2 n.2 ("[Petitioner] does not here request reconsideration of the denial of a certificate of appealability on the prosecutorial misconduct claim raised in his habeas petition.").

On June 30, 2023, the Court denied the amended petition and dismissed the action with prejudice. ECF No. 39. As to Ground One, the Court first concluded that the appropriate standard of review was deferential rather than de novo, *id*. at 22–23, and that in fact it presented a particularly deferential context, *id*. at 26 (quoting *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) ("[T]he critical question [is] not whether th[is] [court] could see a substantial. . . . likelihood of a different result had [Petitioner's] attorney taken a different approach. All that matter[s] was whether the [state] court, notwithstanding its substantial latitude to reasonably determine that a defendant has not [shown prejudice], still managed to blunder so badly that every fairminded jurist would disagree.")). Having determined the appropriate standard of review, the Court then concluded that "the state courts' determination that *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]'s prejudice requirement was not satisfied [with respect to Ground One] was neither unreasonable nor contrary to federal law." *Id*. at 23–26.

Next, the Court rejected Ground Two as "lack[ing] even arguable merit." ECF No. 39 at 16. To reiterate, Ground Two alleged that "Doyle deprived [Petitioner] of ineffective assistance of counsel because Doyle failed to argue that the trace amounts of DNA found on B.S.'s vaginal swab could have resulted from speculum contamination." *Id*. at 17 (citing ECF No. 34 at 23–26).

"The Court need not determine whether this conduct constitutes deficient performance," the Court wrote, because it "is satisfied that the failure to make such argument or present evidence relating thereto did not prejudice Petitioner under *Strickland*[, 466 U.S. 668] and that the state courts' conclusion of the same was not clearly unreasonable." *Id*. (citing *State v.*

*Weyker*, 945 N.W.2d 372, ¶ 31 (Wis. Ct. App. 2020) and *Strickland*, 466 U.S. at 697). The Court went on to recount the significant amount of evidence indicative of Petitioner's guilt and concluded that "[i]ntroduction of argument or evidence relating to speculum contamination would not have changed" the outcome of the trial. *Id*. at 18–19 (noting the finding of male DNA in the victim's sexual assault kit "from which Petitioner could not be excluded," the victim's testimony regarding the sexual assaults inflicted upon her by Petitioner, an entry in the victim's diary from years prior corroborating her testimony, and extensive footage found on Petitioner's video cameras showing "a penis entering a vagina that B.S. identified as her own" and showing "a man, whom multiple witnesses identified as Petitioner, setting up and obscuring the camera in the bathroom to record minors").

Finally, the Court denied Petitioner a certificate of appealability, concluding that "[n]o reasonable jurists could debate whether the Petition has merit." *Id*. at 31. Petitioner now moves for reconsideration, ostensibly pursuant to Rule 60(b),[2] of the Court's denial of a certificate of appealability specifically as to Grounds One and Two. ECF No. 41. For the reasons provided herein, the Court will deny the motion.

2. **LEGAL STANDARDS**

    2.1 **Certificates of Appealability**

A certificate of appealability will issue "only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). "Under the controlling standard, a petitioner must 'show that reasonable

---

[2] *See infra* note 3 and accompanying text.

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Id.*; *see also Buck v. Davis,* 580 U.S. 100, 115 (2017) ("The COA inquiry . . . is not coextensive with a merits analysis.").

### 2.2 Motions for Reconsideration

Motions for reconsideration are appropriate in very few contexts, such as where the Court has "patently misunderstood a party," "has made a decision outside the adversarial issues presented to the Court," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Such motions may also serve to correct "manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665–66 (N.D. Ill. 1976)). Reconsideration is "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.,* 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993)).

Motions under Rule 60(b) must be made within a "reasonable time," not to exceed a year after entry of judgment. Fed. R. Civ. P. 60(c). The specifically enumerated reasons justifying relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud [], misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Litigants seeking relief under Rule 60(b) are therefore required to make a strong showing in support of their motion because of the "strong presumption against the reopening of final decisions." *Powell v. Town of Georgetown*, No. 4:14-cv-4-TWP-TAB, 2018 U.S. Dist. LEXIS 112234, at *5 (E.D. Wis. July 5, 2018) (quoting *Conn. Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990)).

Motions for reconsideration pursuant to Rule 59(e), in contrast, are those made within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[3] Like that afforded by Rule 60(b), relief pursuant to Rule 59(e) is "extraordinary." *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022). In contrast to Rule 60(b), however, "Rule 59(e) does

---

[3]As Respondent correctly notes, although Petitioner purports to move pursuant to Rule 60(b), his motion is more appropriately considered under Rule 59(e). *See* ECF No. 42 at 1 ("This motion is actually a motion for reconsideration pursuant to Rule 59(e) because it was filed within 28 days of judgment and [Petitioner] is not invoking a specific provision of Rule 60(b) . . . .").

not set forth any specific grounds for relief." *United States v. Roth*, Nos. 10 MISC 001; S.D.N.Y. 09 Civ. 8712, 01 Cr. 1503 (SCR) (LMS), 2010 U.S. Dist. LEXIS 38175, at *5 (E.D. Wis. Apr. 19, 2010). "[T]he Seventh Circuit recognizes only three substantive grounds upon which a Rule 59(e) motion may be based: 1) newly-discovered evidence; 2) an intervening change in the controlling law; and 3) manifest error of law." *Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)).

3.  ANALYSIS

    3.1   Standard of Review as to Ground One

First, Petitioner argues that the Court erred in concluding that "the state court's decision on [Ground One] is entitled to deferential rather than de novo review." ECF No. 41 at 2. Petitioner insists that the state courts applied an erroneous version of *Strickland* and that this mandated de novo review on the part of this Court. *Id.* at 2–3 ("[T]he reasonable jurists on the Seventh Circuit have repeatedly concluded that state court resulting prejudice decisions based on such an analysis are contrary to *Strickland* and therefore must be reviewed de novo under AEDPA.").

The Court rejected this argument on the underlying briefing, writing that "[d]e novo review in the habeas context is appropriate only in limited circumstances," and that if what Petitioner argued were true, "then the exception [of application of de novo review] would overwhelm the rule and render AEDPA's default deference a nullity." ECF No. 39 at 22–23.

Setting aside the fact that Petitioner now largely "rehash[es] previously rejected arguments,"[4] which is indisputably not the purpose of

---

[4] *See* ECF No. 34 at 19 (Petitioner's brief in support of amended petition) ("By requiring that [Petitioner] satisfy [a] higher standard, the state court's

reconsideration, *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270, the Court's conclusion that deferential, rather than de novo, review was appropriate with respect to Ground One was not manifestly erroneous. In *Sussman v. Jenkins*, the Seventh Circuit addressed the petitioner's argument that the court "should not defer to the state court's determination on the issue of prejudice because it applied the incorrect substantive standard." 636 F.3d 329, 359 (7th Cir. 2011). Specifically, and as Petitioner does here, the petitioner there argued that the state court "required him to meet a higher standard" than that mandated by *Strickland* "and to establish that the actual 'result of the proceeding would have been different.'" *Id.* (citation omitted).

The Seventh Circuit in *Sussman* conceded that "the state appellate court [had] omitted the 'reasonable probability' language from its concluding sentence." *Id.* "However," the Seventh Circuit continued, "we do not believe that the omission of this language renders the decision 'contrary to' *Strickland.*" *Id.* The Seventh Circuit noted that the state appellate court had cited a state case "as providing the operative ineffective assistance standard," and that that case "incorporates the ineffective

---

analysis conflicts with . . . *Strickland*, thus mandating *de novo* review . . . ."); *id.* at 23.

In his reply, Petitioner asserts that his seeking reconsideration is appropriate because "the district court should be granted an opportunity to correct alleged mistakes" and that the district court is, in fact, in the best position to do so, ECF No. 43 at 2, but in support of these assertions, Petitioner cites to *Puckett v. United States*, 556 U.S. 129 (2009), an opinion that does not address the reconsideration context at all. The portion Petitioner cites instead addresses the principle that "[i]f a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue" and that this rule "gives the district court the opportunity to consider and resolve them." *Puckett*, 556 at 134.

assistance standard set forth in *Strickland*." *Id*. at 359–60 (citing *State v. Johnson*, 449 N.W.2d 845 (Wis. 1990)). Moreover, the court wrote, "it [wa]s clear from the [state] court's analysis that it did not believe that the [trial counsel's allegedly deficient performance] had a reasonable probability of altering the jury's verdict." *Id*. at 360; *see also Charles v. Stephens*, 736 F.3d 380, 392 (5th Cir. 2013) ("A state-court decision is contrary to clearly established federal law—and therefore not entitled to deference under AEDPA—when it uses a preponderance-of-the-evidence test to determine prejudice, rather than the less onerous 'reasonable probability' test promulgated by *Strickland* . . . .").[5] Accordingly, notwithstanding the state court's omission of *Strickland*'s "reasonable probability" language, the Seventh Circuit was satisfied that the state court did not render a decision "contrary to" *Strickland* and that deferential review of the state court's decision was therefore appropriate. *Sussman*, 636 F.3d at 359–60.

The instant case presents an even stronger case for the propriety of applying a deferential standard of review because the state court here did, in fact, recite *Strickland's* "reasonable probability" standard whereas the state court in *Sussman* entirely failed to do so. *See Weyker*, 945 N.W.2d, ¶¶ 14, 18–19. The Wisconsin Court of Appeals in Petitioner's case recited that "[d]eficient performance is constitutionally prejudicial if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

---

[5]To the extent that this Court's order denying the petition and dismissing the case can be read as suggesting otherwise as a general matter—specifically, in writing that "de novo review is not applicable merely because the lower court allegedly misapplied the relevant legal standard below"—such conclusion was in error. ECF No. 39 at 23.

probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, ¶ 14 (quoting *State v. Thiel,* 665 N.W.2d 305, ¶ 20).[6]

The Wisconsin Court of Appeals went on to write that Petitioner "point[ed] to no factual record to support the premises on which his arguments [we]re based," and that "[r]egardless of the prosecutor's statement regarding reluctance before trial, [Petitioner] has failed to show that there is a reasonable probability that, had the trial proceeded as originally scheduled, the State, given that the evidence to be presented at trial included evidence of the additional criminal conduct at issue, would not have sought to amend the information to include the additional charges [and] . . . that the court would not have granted such a request." *Id.*, ¶ 19. The Court does not read this holding as suggesting that Petitioner "ha[d] to show that counsel's performance *would have led* to a different result," *see Thomas v. Clements*, 789 F.3d 760, 767 (7th Cir. 2015) (emphasis added), in which case de novo would, indeed, have been the appropriate standard of review on the part of this Court, *id*. at 768. Accordingly, the Court's deferential review with respect to Ground One was appropriate, and the Court declines Petitioner's invitation to revisit its denial of a certificate of appealability on this basis.

---

[6]As in *Sussman*, this state case to which the Wisconsin Court of Appeals cited in *Weyker* incorporated the ineffective assistance of counsel standards as set forth in *Strickland*. *See Sussman*, 636 F.3d at 359; *Thiel*, 665 N.W.2d, ¶¶ 58–81 ("We are sufficiently persuaded that the reliability of this proceeding is suspect and that, but for the . . . errors of Thiel's counsel, there is a reasonable probability that the result would have been different.") (citing *generally* to *Strickland*, 466 U.S. 668). As was the case in *Sussman*, this too supports the Court's decision to utilize a deferential standard of review.

### 3.2 Ground Two

Second, Petitioner argues that the Court erred in denying him a certificate of appealability because the Court's rejection of Ground Two on its merits is "debatable among reasonable jurists." ECF No. 41 at 4. Petitioner also writes that the Court erroneously "once again applie[d] the abstract 'fair trial' standard for prejudice rejected by the Supreme Court in *Strickland*[, 466 U.S. 668] and *Williams* [*v. Taylor*, 529 U.S. 362 (2000)] rather than the 'reasonable probability of a different result' standard required in ineffectiveness cases . . . ." *Id.* (internal citations omitted). This assertion is incorrect.[7]

In its order denying Ground Two, the Court concluded that it "need[ed] not determine whether this conduct constitutes deficient performance, however, because [it] [wa]s satisfied that the failure to make [the speculum contamination argument] or present evidence relating thereto did not prejudice Petitioner under *Strickland* and that the state courts' conclusion of the same was not clearly unreasonable." ECF No. 39 at 17 (citing *Weyker*, 945 N.W.2d, ¶ 31) ("[T]here is no reasonable probability that, had the jury heard this [speculum contamination evidence] together with the evidence presented at trial, it would have had a reasonable doubt as to [Petitioner's] guilt.").

Petitioner asserts that the Court's resolution of Ground Two ran afoul of *Strickland* and *Williams*, but the Court cannot agree. The Court in *Williams* held that a court errs when, in analyzing the prejudice component

---

[7]Although ultimately immaterial, Petitioner also disingenuously asserts that the Court "reviewed the [deficient performance analysis] *de novo,*" ECF No. 41 at 4, when in fact the Court concluded that it "need[ed] not decide which standard of review applies [to Ground Two] because [the Court] [wa]s satisfied that Ground Two fails on either standard of review." ECF No. 39 at 17 n.8.

of an ineffective assistance of counsel claim, it "require[s] a *separate inquiry* into fundamental fairness even when [a petitioner] is able to show [a reasonably probability of a different result]." 529 U.S. at 393 (emphasis added); *id.* at 394 (rejecting state court's assertion regarding prejudice prong of *Strickland* that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or reliable, is defective") (citing *Williams v. Warden of the Mecklenburg Corr. Ctr.*, 487 S.E.2d 194, 199 (Va. 1997)).

While the Court in denying Ground Two did conclude that it could not "be said that Doyle's failure to make the speculum contamination argument was 'so serious as to deprive' Petitioner of a fair trial," *id.* at 18 (quoting *Strickland*, 466 U.S. at 687), this was one among various comments the Court made in analyzing the ground as a whole. For example, the Court also concluded, after recounting the substantial evidence presented against Petitioner, that "[i]ntroduction of argument or evidence relating to speculum contamination would not have . . . been sufficient to give the jury a reasonable doubt as to Petitioner's guilt." *Id.* The Court did not assert, as was asserted and at issue in *Williams*, that Petitioner had demonstrated a reasonable probability of a different result but that he nevertheless failed to meet *Strickland*'s prejudice prong because he failed to demonstrate an absence of fundamental fairness. Accordingly, Petitioner's assertion that the Court erroneously applied "the abstract 'fair trial' standard for prejudice . . . rather than the 'reasonably probability of a different result' standard" is inaccurate and ignores a substantial portion of the Court's analysis. ECF No. 41 at 4.

Petitioner also asserts that "the evidence here cannot reasonably be viewed as so overwhelming or undisputed that the DNA evidence could be

Page 11 of 13
Case 2:13-cv-01115-JPS   Filed 08/28/23   Page 11 of 13   Document 52

viewed as merely cumulative" and that "[t]he Court overlooks the fact that the jury . . . rejected much of B.S.'s testimony that the Court relies upon here . . . ." *Id.* at 5–6 & 5 n.5. The Court, again, disagrees with these characterizations, but what is more important is that the Court has already considered these arguments in the underlying briefing on the habeas petition, and reconsideration is "not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270; ECF No. 34 at 22 (brief in support of amended habeas petition) ("To acquit on not only the December 2006 and June 2008 claims, but also on B.S.'s claim that [Petitioner] sexually assaulted her some other 50 times, the jury necessarily concluded that B.S. was not worthy of belief."); *id.* at 23 ("The jury simply did not believe [B.S.].").

The Court refused, and again refuses, to go back in time over a decade and speculate as to how the jury may have perceived B.S.'s testimony in conjunction with the remainder of the evidence presented. To do so—particularly in the habeas context—would be inappropriate. Petitioner's assertion that "the jury . . . rejected much of B.S.'s testimony" and "found reason to doubt the credibility of *all* of B.S.'s other allegations" is unsupported, speculative, and inappropriate at this stage of the proceedings. ECF No. 41 at 5–6 & n.5.

Neither this Court nor Petitioner, contrary to his assertions, can peer into the minds of the jurors from Petitioner's trial in August of 2009 and accurately determine the manner in which they weighed the testimony and other evidence put before them. And habeas corpus is a particularly inappropriate forum to attempt to do so. "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."

Page 12 of 13
Case 2:13-cv-01115-JPS    Filed 08/28/23    Page 12 of 13    Document 52

*Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *see also Ford v. Ahitow,* 104 F.3d 926, 938 (7th Cir. 1997) ("[T]he responsibility for resolving conflicts in the testimony, for weighing the evidence and for drawing reasonable inferences from basic facts to ultimate facts, is indeed the domain of th[e] trier of fact . . . .") (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Petitioner's suggestion, therefore, that the Court erred in "not explain[ing] how negating the primary, if not sole corroboration provided for the only allegations from B.S. the jury deemed credible could have no impact on that credibility determination," ECF No. 41 at 5 n.5, is misplaced and provides no basis for relief under Rule 59(e).

For these reasons, the Court disagrees with Petitioner's assertion that its denial of a certificate of appealability as to Ground Two was erroneous and will accordingly deny the motion for reconsideration in its entirety.

### 4. CONCLUSION

Petitioner has not demonstrated that the Court manifestly erred in denying him a certificate of appealability. Accordingly, the Court will deny his motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner Peter Weyker's motion for reconsideration, ECF No. 41, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge