# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER JOHN WEYKER,

              Petitioner,

v.

CHERYL EPLETT,

              Respondent.

Case No. 13-CV-1115-JPS
7th Cir. Case No. 23-2684

**ORDER**

## 1.    INTRODUCTION AND BACKGROUND

On June 30, 2023, the Court denied Petitioner Peter John Weyker's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2254 and entered judgment accordingly. ECF Nos. 39, 40. On July 19, 2023, Petitioner filed a motion for reconsideration, specifically of the Court's denial of a certificate of appealability with respect to Petitioner's Grounds One and Two. ECF No. 41.[1] On August 24, 2023, whilst the motion for reconsideration remained pending, Petitioner moved for leave to proceed on appeal in forma pauperis, ECF No. 44, as amended to include the required trust account statement, ECF No. 53, and for an extension of time to file his notice of appeal, ECF No. 45. That same day, he also filed a notice of appeal. ECF No. 46. On August 28, 2023, the Court denied Petitioner's motion for reconsideration. ECF No. 52. For the reasons discussed herein,

---

[1] As the Court later noted in its order denying the motion, however, while Petitioner purported to move under Rule 60(b), "his motion [w]as more appropriately considered under Rule 59(e)." ECF No. 52 at 5 n.3 (quoting ECF No. 42 at 1) ("This motion is actually a motion for reconsideration pursuant to Rule 59(e) because it was filed within 28 days of judgment and [Petitioner] is not invoking a specific provision of Rule 60(b). . . . .").

the Court will deny the motion for an extension of time to file a notice of appeal but will grant the motion for leave to proceed on appeal in forma pauperis.

2.  ANALYSIS

    2.1  Motion for Extension of Time to File Notice of Appeal

In his motion for extension of time to file a notice of appeal, filed August 24, 2023—nearly two months after the Court denied his petition for a writ of habeas corpus—Petitioner explains that "[p]ursuant to Fed. R. App. P. 4(a)(1)(A), [Petitioner's] notice of appeal was due . . . by July 30, 2023," but that "[p]ursuant to Fed. R. App. P. 4(a)(4)(A)(vi), . . . that deadline is extended where the petitioner files a motion 'for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.'" ECF No. 45 at 1–2. However, Petitioner writes that he "overlooked . . . that the clear language of Fed. R. App. P. 4(a)(4)(A)(vi) has been modified by a sentence buried at the end of Rule 11(a) of the Rules Governing Section 28 U.S.C. § 2254 Cases (A motion to reconsider denial of a certificate of appealability 'does not extend the time to appeal.')." *Id.* at 2. Accordingly, Petitioner writes, "a rigid application of Rule 11(a), combined with counsel's misinterpretation of the plain language of Rule 4(a)(4)(A)vi [sic], could act to deprive [Petitioner] of an appeal." *Id*.

Petitioner moves the Court under Federal Rule of Appellate Procedure 4(a)(5) to extend his time to file a notice of appeal. *Id*. at 2. Specifically, he asserts that the rule's "excusable neglect standard applies" because he was "unaware of the provision buried in Rule 11(a) depriving Rule 4(a)(4)(A) of its plain meaning" and "had not confronted that issue in 30 years of handling habeas appeals." *Id*. at 3.

Respondent Cheryl Eplett ("Respondent") opposes the motion. ECF No. 51. She writes that counsel's "overlook[ing]" the rules is not excusable neglect and that "lack of familiarity with the rules of procedure is not good cause for filing a belated appeal . . . ." *Id.* at 2 (citing *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015) and *McNeil v. United States*, 508 U.S. 106, 113 (1993)). "[Petitioner] is not proceeding pro se and his counsel is expected to be versed in the normal rules of procedure." *Id.*

"A district court may extend the time to file a notice of appeal if a party can show excusable neglect for [his] tardiness." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A)(ii) and *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996)). "The term 'excusable neglect' as used in Rule 4(a)(5) refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Id.* (citing *Prizevoits*, 76 F.3d at 134). "[F]ailure to learn of the entry of judgment will support a finding of excusable neglect, as will uncontrollable delays in the delivery of mail, unpredictable events that affect the delivery of the notice of appeal to the clerk, unpredictable events that affect the feasibility of appeal, and plausible misconstructions, *but not mere ignorance, of the law or rules*." *Renfield v. Cont'l Cas. Co.*, 818 F.2d 596, 602 (7th Cir. 1987) (citing 9 MOORE'S FEDERAL PRACTICE ¶ 204.13[1–3]) (emphasis added); *see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ."); *United States v. Dumont,* 936 F.2d 292, 294 (7th Cir. 1991) ("[W]e have said several times that ignorance of settled law is not excusable neglect . . . .") (collecting cases).

"Although the federal rules are complex, experienced federal litigators ought to be held strictly to them." *McCarty*, 528 F.3d at 544 (citing *United States v. Guy*, 140 F.3d 735, 735–36 (7th Cir. 1998) and *Prizevoits*, 76 F.3d at 133–34)). "[J]udges do not have 'carte blanche' authority to allow untimely appeals." *Id.* (quoting *Marquex v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)).

Because the untimeliness of the notice of appeal arises from ignorance of the Rules Governing § 2254 cases rather than from a "plausible misinterpretation[]" of an "ambiguous rule[]," *see McCarty*, 528 F.2d at 544 (citing *Prizevoits*, 76 F.3d at 134) and *Renfield*, 818 F.2d at 602 (citing 9 MOORE'S FEDERAL PRACTICE ¶ 204.13[1–3]), the Court will deny Petitioner's motion for extension of time to file a notice of appeal.

### 2.2 Motion for Leave to Appeal in Forma Pauperis

The untimeliness of Petitioner's notice of appeal does not prevent the Court from addressing his motion for leave to appeal in forma pauperis. "[D]istrict courts do not have the authority to deny a defendant's request for leave to proceed in forma pauperis on the ground that the appeal is untimely. That authority rests solely with the court of appeals." *United States v. Fisher*, No. 06-cr-56-bbc, 2012 U.S. Dist. LEXIS 145186, *3 (W.D. Wis. Oct. 9, 2012) (citing *Sperow v. Melvin*, 153 F.3d 780 (7th Cir. 1998)). Accordingly, the Court proceeds to the merits of Petitioner's motion for leave to appeal in forma pauperis.

Petitioner may not proceed in forma pauperis on appeal if the Court determines that "the litigant wishing to take an appeal has not established indigence" or certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); *Flournoy v. Winnebago Cnty. Sheriff's Office*, No. 14-cv-528-jdp, 2015 U.S. Dist. LEXIS 49375, at *1 (W.D. Wis. Apr. 15, 2015) (citing

*Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)). To determine whether a prisoner takes an appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

The fact that the Court has already denied Petitioner a certificate of appealability, *see* ECF No. 39 at 31, is not fatal to a request to proceed in forma pauperis on appeal, since the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal. *See Walker*, 216 F.3d at 631–32. Thus, an unsuccessful movant for relief under § 2254 may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. *See id.*

While the Court carefully reviewed the record and found that Petitioner's claims were without factual or legal support, it is hesitant to go further and say that all of his asserted grounds for relief are clearly frivolous. *Lee*, 209 F.3d at 1026; *see also Tate v. Bartow,* No. 05C0083, 2007 U.S. Dist. LEXIS 35626, at *6–7 (E.D. Wis. May 15, 2007) ("The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis.") (citing *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988)). As a result, the Court finds that Petitioner's appeal is taken in good faith.

The Court must next address whether Petitioner has certified indigence. As part of his request to proceed in forma pauperis, Petitioner

filed an amended[2] affidavit regarding his indigency and a trust account statement. ECF No. 53. Review of this information reveals that Petitioner's average monthly deposit for the previous six months is $59.27 and his average monthly balance for the previous six months is $67.53. He represents that he has no other savings or property of value. *Id*. at 3–4. The Court is satisfied that Petitioner is indigent and eligible to proceed on appeal in forma pauperis.

Accordingly,

**IT IS ORDERED** that Petitioner Peter John Weyker's motion for an extension of time to file his notice of appeal, ECF No. 45, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Peter John Weyker's motion for leave to proceed in forma pauperis on appeal, ECF No. 44, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Petitioner Peter John Weyker's amended motion for leave to proceed in forma pauperis on appeal, ECF No. 53, be and the same is hereby **GRANTED.**

Dated at Milwaukee, Wisconsin, this 7th day of September, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2]Petitioner filed an amended motion for leave to appeal in forma pauperis after the Clerk of Court indicated on the docket that the required certified trust account statement was not attached to the original motion as represented. *See* August 31, 2023 docket entry; ECF No. 53. The Court will accordingly deny the original motion for leave to proceed in forma pauperis, ECF No. 44, as moot.